116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bolandage Harriet GOONASEKERA, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 96-70429.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1997.*
Filed June 16, 1997.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Ayn-yae-cns.
 
 
 2
 Before: HUG, C.J., FERNANDEZ and RYMER, JJ.
 
 
 3
 MEMORANDUM**
 
 
 4
 Harriet Goonasekera petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her application for asylum and request for withholding of deportation. We must determine whether "the evidence presented by [Goonasekera] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We have jurisdiction under 8 U.S.C. § 1105a and we deny the petition.
 
 
 5
 Goonasekera, a native and citizen of Sri Lanka, lawfully entered the United States as a nonimmigrant visitor for pleasure. When she remained in the United States beyond her departure date, the Immigration and Naturalization Service issued an Order to Show Cause why she should not be deported for remaining in the United States without authorization in violation of 8 U.S.C. § 1251(a)(1)(C). She then applied for asylum and withholding of deportation. After a hearing, an Immigration Judge ("IJ") denied her requests for relief.
 
 
 6
 The BIA affirmed. In a one-paragraph opinion the BIA stated that it had reviewed the record, the IJ's opinion, and the parties' arguments. The BIA concluded that the IJ properly denied Goonasekera's requests, expressly adopting the reasoning of the IJ as its own.[1]
 
 DISCUSSION
 
 7
 The Attorney General may grant asylum to a "refugee." 8 U.S.C. § 1158(b). A refugee is a person who is unable or unwilling to return to the person's country of origin "because of past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Goonasekera contends that she has been persecuted and has a well-founded fear of future persecution.
 
 
 8
 Goonasekera grounds her past persecution claim on a single incident that occurred in either 1989 or 1992. Members of the Sri Lankan Freedom Party blindfolded her and then locked her inside a room for four hours. During that time, her captors harassed and beat her and admonished her not to participate in political activities.
 
 
 9
 Persecution is the infliction of suffering or harm upon another in a way that is regarded as offensive. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). A brief detention coupled with a simple battery does not necessarily constitute persecution. Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1996). Here, as in Prasad, the detention was brief and Goonasekera did not need medical attention. The BIA may grant asylum on the basis of past persecution alone if the persecution is particularly atrocious. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). That is not the case here. See Prasad, 47 F.2d at 339-40.
 
 
 10
 Goonasekera contends, in the alternative, that she has a well-founded fear of persecution. Goonasekera must show that she faces a particularized threat of persecution. Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994). She cannot simply prove that there exists a generalized or random possibility of persecution in Sri Lanka. Id. at 852. Rather, Goonasekera must demonstrate that the danger she appreciably differs from the danger faced by other citizens. Id.
 
 
 11
 The evidence adduced by Goonasekera does not compel the conclusion that she has a well-founded fear of persecution. Her activities as a member of the UNP and the Teacher's Union do not elevate her to a level of prominence necessary to differentiate the danger she faces from that faced by other citizens of Sri Lanka. The threatening letters she received also do not compel the conclusion that she has a well-founded fear of persecution, because there is no evidence indicating that the group which sent these letters has either the ability or the will to carry out the threats. See Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984). The Department of State's Country Report, to the contrary, indicates that the Sri Lankan government suppressed the insurgency led by the group that made the threats and that there were no extrajudicial killings in 1994.
 
 
 12
 Substantial evidence thus supports the decision to deny Goonasekera's application for asylum. That is to say, the evidence presented by Goonasekera is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias, 502 U.S. at 484. Accordingly, the petition for review of the BIA's decision is
 
 DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Goonasekera argues that the BIA failed to conduct a careful, thorough, independent review of the record and that its decision does not adequately articulate its reasons for denying relief. These arguments are without merit. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995) (BIA is free to adopt IJ's reasoning as its own if it is clear that BIA gave individualized consideration to the case)
 
 
 [2]
 Goonasekera's request for withholding of deportation requires that she demonstrate a clear probability of persecution. Arriaga-Barrientos v. INS, 937 F.2d 411, 413 (9th Cir.1991). Because this standard is more demanding than the well-founded fear standard, the BIA also properly denied Goonasekera's request for withholding of deportation